# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KEVIN A. TOLLIVER,**

      **Plaintiff,**

    v.                                        **Civil Action 2:22-cv-4567**
                                                          **Judge Edmund A. Sargus, Jr.**
**OHIO DEPARTMENT OF REHABILITATION**     **Magistrate Judge Kimberly A. Jolson**
**AND CORRECTIONS,** *et al.*,

      **Defendants.**

## REPORT AND RECOMMENDATIONS

This matter is before the Court for consideration of Plaintiff Kevin A. Tolliver's Motion to Certify as Class Action (Doc. 7) and for an initial screening of his Amended Complaint (Doc. 8). Plaintiff, a state prisoner proceeding *in forma pauperis* and without the assistance of counsel, submitted his original complaint to this Court in December 2022, seeking declaratory and injunctive relief under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1. (*See* Doc. 1). After an initial screening of the Complaint (Doc. 3), the Undersigned recommended that this Court dismiss some claims but allow some claims to proceed to further development. (Report and Recommendations, Doc. 4). Plaintiff objected. (Doc. 5). The first Report and Recommendations and Plaintiff's Objections to it are pending.

Plaintiff submitted an Amended Complaint in May 2023, which was received and filed by the Clerk on June 1, 2023. (Doc. 8, PageID 149; Doc. 8-2, PageID 196). Plaintiff also filed a Motion to Certify as Class Action (and to appoint counsel) under Fed. R. Civ. P. 23. (Doc. 7). The Undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion to Certify as Class Action and request to appoint counsel. (Doc. 7). The Undersigned further **RECOMMENDS** that

the Court **DISMISS** some claims in the Amended Complaint but **ALLOW** some claims to **PROCEED** to further development.

I. <u>**The Complaint (Doc. 3) and First Report and Recommendations (Doc. 4)**</u>

In the original Complaint, Plaintiff appeared to name the Ohio Department of Rehabilitation and Corrections (ODRC) and Annette Chambers-Smith, its Director, as Defendants. (Doc. 3, PageID 39).

> Plaintiff describes the Complaint in this action as "a direct challenge to practices and policies of the [ODRC]." (Complaint, PageID 40). As noted above, Plaintiff is proceeding under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1. He alleges violations of his "First Amendment rights under the United States Constitution in regard to freedom of religion and violations of protections against establishment of religion." (Complaint, PageID 39). More specifically, he asserts that the ODRC policies and practices are ineffective and insufficient to lead to the hiring of qualified contractors/service providers to serve the Islamic community within Ohio's prisons. (See Complaint, PageID 41–42). This leads, says Plaintiff, to the denial of certain religious services, and "constitute[s] religious persecution, denial or infringement of religious rights, and an establishment of religion in favor of both Christianity and the [WD Muhammad] style of practice, which is an ongoing harm to Plaintiff and all similarly situated mainstream adherents to the Islamic faith in Ohio prisons." (Complaint, PageID 42, ¶ 19).
>
> Plaintiff appears to base this conclusion, at least in part, on the fact that there are "no Muslim employees anywhere in the Religious Services Departments of ODRC, qualified by advanced education in Islamic studies (M.A. or Ph.D.) or similar religious accreditations (A'lim, Mufti, or Shaykh), [and that] there is no one on staff to properly oversee hiring of contractors and/or to administer and supervise policy issues on behalf of one of ODRC's principal faith group." (Complaint, PageID 42, ¶ 18). Plaintiff has had conflicts with the contractors providing such religious services, as discussed at length in [his] 2016 Case. *See, e.g.*, *Tolliver v. Noble*, No. 2:16-cv-1020, 2022 WL 843573, at *1 (S.D. Ohio Mar. 22, 2022), *appeal dismissed sub nom. Tolliver v. Foley*, No. 22-3382, 2022 WL 2919958 (6th Cir. May 18, 2022) ("Mr. Tolliver had conflicts with Imams Abdul Rahman Shahid and Sunni Ali Islam, independent contractors providing religious services to Muslim inmates for the [ODRC]. Plaintiff adheres to a different sect of Islam than the contractors and disagreed with how the Imams provided services and interacted with Muslim inmates who disagreed with their religious views and practices.").

(Report and Recommendations, Doc. 4, PageID 58–59). The Undersigned understood "Plaintiff's Complaint as raising claims under 42 U.S.C. § 1983 for violations of the Free Exercise and

2

Establishment Clauses of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment, as well as a claim under RLUIPA." (Doc. 4, PageID 63). The Undersigned concluded the initial screening by recommending that the Court:

    A. **DISMISS** all claims raised against the ODRC pursuant to 42 U.S.C. § 1983, as the ODRC is not a "person" subject to suit under that statute;

    B. **DISMISS** all claims raised on behalf of other Muslim inmates, as Plaintiff lacks standing to raise claims on their behalf;

    C. **DISMISS** Counts 3–6 seeking a declaration that religious groups of which Plaintiff is not a member deserve their own policies, as Plaintiff lacks standing to raise these claims;

    D. **DISMISS** all claims raised under § 1983 alleging that the ODRC policies were not followed (possibly part of Counts 2 and 8), as the violation of state policy is outside the scope of § 1983;

    E. **DISMISS** Count 14 concerning the provision of Halal or Kosher meals, as Plaintiff has failed to allege an actual injury sufficient to state a claim;

    F. **ALLOW** the following claims to **PROCEED** at this time, and subject to further order of Court:

        1. The claim against the ODRC under RLUIPA, and

        2. The claims against Director Chambers-Smith under § 1983 and RLUIPA.

        These claims appear to correspond to Counts 1–2 and 7–13 in the Complaint, as narrowed above.

(Doc. 4, PageID 83–84).

**II.**     **The Motion to Certify as Class Action (Doc. 7)**

In response to the recommendation that the Court dismiss claims raised on behalf of other Muslim inmates, Plaintiff indicated that he would be seeking class certification. (Objections, Doc. 5, PageID 88–90). He filed his Motion to Certify as Class Action shortly thereafter. (Doc. 7). In the Motion, he also requests the appointment of counsel.

There is no constitutional right to appointed counsel in a civil case. *Patmon v. Parker*, 3 F. App'x 337, 339 (6th Cir. 2001). The law does not require it, *see Lavado v. Keohane*, 992 F.2d

3

601, 604–05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. Appointment of counsel in a civil proceeding is justified only by exceptional circumstances. *Id*. at 605–06; *see also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case.

The United States Court of Appeals for the Sixth Circuit recently discussed similar requests made by an incarcerated plaintiff who was proceeding pro se:

> [Plaintiff] argues the district court erred in denying his motions to appoint counsel, certify a class, and supplement the complaint. We review each of these rulings for an abuse of discretion. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (motion to appoint counsel); *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 504 (6th Cir. 2015) (motion to certify a class); *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002) (motion to supplement complaint).
>
> Indigent parties do not have a constitutional right to counsel in civil cases, and the appointment of counsel is warranted only in exceptional circumstances. *Lavado*, 992 F.2d at 605-06. Because no exceptional circumstances were present in this case, the district court did not abuse its discretion by denying the motion to appoint counsel.
>
> <u>Federal Rule of Civil Procedure 23(a)(4) generally does not permit pro se plaintiffs without legal training to serve as class representatives.</u> *See Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (holding that pro se litigants are "inadequate class representatives"); *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (holding that "[p]ro se prisoners generally may not bring class action lawsuits concerning prison conditions"). [Plaintiff], who is incarcerated and lacks legal training, has not attempted to establish that he would be an adequate class representative, either in his motion for class certification or on appeal. Because [Plaintiff] has offered no basis for departing from the general rule that pro se plaintiffs are not adequate class representatives, the district court did not abuse its discretion by denying class certification.

4

*Sanders v. Macauley*, No. 22-1502, 2022 WL 16729580, at *5 (6th Cir. Aug. 10, 2022), *cert. denied*, 214 L. Ed. 2d 203 (2022).

Here, Plaintiff asserts in his Motion that he "will fairly and adequately protect the interests of the class." (Doc. 7, PageID 121). But he also acknowledges that he "is unrepresented and unqualified to pursue this action as a pro se litigant." (*Id*.). As this case does not present any extraordinary circumstances warranting the appointment of counsel, and because Plaintiff has presented no basis for departing from the general rule that pro se plaintiffs are inadequate class representatives, the Undersigned **RECOMMENDS** that the Court **DENY** the Motion to Certify as Class Action. (Doc. 7).

### III. The Amended Complaint (Doc. 8)

The Amended Complaint largely restates the original Complaint, but seeks several additional declarations and makes several changes. In it, Plaintiff:

1. Asks that the case proceed as a class action with Tolliver as Plaintiff "On behalf of himself and all others situated." (Amd. Complaint, Caption, PageID 125; *see also* ¶ 1 (referring to his Motion to Certify as Class Action, Doc. 7)).

2. Adds as Plaintiffs "All mainstream Sunni-Muslims incarcerated by Ohio Department of Rehabilitation and Corrections (ODRC) at any time since 2012 to present who have been, are currently, or who will be designated under and subject to Administrative Rule 5120.01, ODRC Policy 72-REG-01, 02 and 12 and/or have been, are currently, or will be residing in any ODRC facility." (Amd. Complaint, ¶ 5). This appears to include 46 inmates. (*See* Amd. Complaint, ¶ 7).

3. Adds as Defendants (in addition to the ODRC and Annette Chambers-Smith) the following:
    a. Dr. Mike Davis (Chief of Religious Services)
    b. Jennifer Urrah, (Chief of Holistic Services)
    c. John and Jane Doe Administrators, and Staff
    d. John and Jane Doe Islamic Services Contractors
  (Amd. Complaint, Caption, PageID 125; *see also* ¶¶ 8-12).

4. Adds an Eighth Amendment claim for "deliberate indifference" and/or "cruel and unusual punishment." (Amd. Complaint, ¶¶ 33, 34; *see also* ¶¶ 1-3, 6, 15 (mentioning the Eighth Amendment) and Proposed Declaration 14).

5

5. Adds or supplements a Fourteenth Amendment equal protection claim concerning the treatment of Plaintiff and Muslim inmates more generally (whereas the Undersigned read his original Complaint to raise an equal protection claim with respect to the provision of Halal or kosher meals). (*See, e.g.,* Amd. Complaint, ¶¶ 1-3, 6, 11, 15, 28, 34 (mentioning the Fourteenth Amendment or disparate treatment) and Proposed Declarations 3, 7-10, 14).

6. Adds a claim for breach of third-party contract under state law. (*See* Amd. Complaint, ¶¶ 3, 6, 12, 13, and Proposed Declarations 6, 14).

## IV. Discussion

### A. Issues Discussed in the First Report and Recommendations (Doc. 4)

The Amended Complaint affects some of the Undersigned's earlier recommendations. The Sections of the first Report and Recommendations (the "first R&R") are examined below in light of the allegations in the Amended Complaint (Doc. 8).

**Section III.A. "Section 1983 Claims Cannot Be Raised Against the ODRC"**

The Undersigned previously concluded that: "[Plaintiff's] claims under the First Amendment or any other constitutional provision, which are raised against the ODRC under § 1983 should be dismissed," because the ODRC is not a "person" subject to suit under that statute. (Doc. 4, PageID 63). This Section of the first R&R stands as written.

**Section III.B. "Plaintiff Cannot Raise Claims on Behalf of Other Inmates"**

The Undersigned previously concluded that "to the extent that Plaintiff attempts to raise claims on behalf of other Muslim inmates, those claims and requests for relief should be dismissed." (Doc. 4, PageID 65). Plaintiff's Motion to Certify as Class Action (Doc. 7) seeks to change the resolution of this issue.

For the reasons discussed above, the Court should deny Plaintiff's Motion. If the Motion is denied, this Section of the first R&R should be adopted. It stands as written.

**Section III.C. "The Court Can Construe the Allegations About Injuries to Plaintiff"**

The Undersigned previously concluded that:

6

> To the extent that Plaintiff asks this Court to declare that groups in which he is not a member "deserve" to have the ODRC write them their own policies, he lacks standing to raise these claims. Counts 3, 4, 5, 6 should be dismissed on this basis.

(Doc. 4, PageID 68). In the Amended Complaint, Plaintiff again seeks a declaration that:

> 15. Shia Muslims have significant religious differences to Sunni Muslims and thus deserve their own policy or subsection.
>
> 16. The nation of Islam (NOI) is a group with little in common with mainstream Sunni Muslims and thus deserve their own policy or subsection.
>
> 17. The Moorish Science Temple of America (MST) is a group with little in common with mainstream Sunni Muslims and thus deserve their own policy or subsection.

(Doc. 8, PageID 138 and 146, Proposed Declarations 15–17).[1] This Section of the first R&R stands as written, concerning the analogous declarations sought in the Amended Complaint.

### Section III.D. "Alleged Violations of ODRC Policy are not Actionable under § 1983"

The Undersigned previously concluded: "Plaintiff's suggestion that Defendants or others violated ODRC policy should therefore be dismissed for failure to state a claim on which relief may be granted under § 1983." (PageID 70). This Section of the first R&R stands as written.

### Section III.E. "Plaintiff's Allegation That He Was Denied Halal Meals Does Not State a Claim for a Violation of RLUIPA, the First Amendment, or the Equal Protection Clause"

The Undersigned previously concluded that, "[a]s Plaintiff is not being denied Halal meals as discussed in *Robinson* [*v. Jackson*, 615 F. App'x 310 (6th Cir. 2015)], he has failed to state a claim on which relief may be granted." (Doc. 4, PageID 75). The Undersigned noted that Plaintiff had raised this issue in a previous case. (Doc. 4, PageID 71–74).

In the Amended Complaint, Plaintiff appears to raise an expanded equal protection claim. For purposes of screening the Amended Complaint for plausibility, the Undersigned will

---

[1] Plaintiff omits from his Amended Complaint one of the previously requested declarations—the declaration concerning the Nation of Gods and Earths (5%'s). (*See* original Complaint, Doc. 3, PageID 45, 51).

**RECOMMEND** that Plaintiff's expanded equal protection claim(s)—with respect to Halal or kosher meals and with respect to treatment of Plaintiff as a Muslim inmate generally—be permitted to **PROCEED** to further development at this time. This is not a conclusion about the merits of the claim or any defenses to it, or whether there are procedural bars that will prevent Plaintiff from obtaining the relief sought.

> **Section III.F.** "The Doctrine of Res Judicata May Bar this Action"
> **Section III.G.** "The Statutes of Limitations May Bar These Claims"
> **Section III.H.** "The Requests for Declaratory and Injunctive Relief May be Moot"

The Undersigned did not make determinations on these issues but indicated that the parties should be prepared to address them at a later time.

### B. <u>New Matters Raised in the Amended Complaint (Doc. 8)</u>

#### a. *New Plaintiffs and/or Class Certification*

As discussed above, the Court should deny Plaintiff's Motion to Certify as Class Action (Doc. 7) and limit the claims in the Amended Complaint to Plaintiff's own claims, rejecting the new plaintiffs and Plaintiff's request to expand the scope of this action.

#### b. *New Defendants*

Plaintiff identified two new Defendants, Dr. Mike Davis, Chief of Religious Services and Jennifer Urrah, Chief of Holistic Services. (Amd. Complaint, Doc. 8, PageID 125, 128–29). He also names several John Doe and Jane Doe Defendants, who he describes as "Administrators, and Staff" who are "various Wardens, Deputy Wardens of Special Services, and Chaplains employed at 36 ODRC prisons and central office," and various "Islamic Services Contractors." (Amd. Complaint, Doc. 8, PageID 125, 130-131). Some of the Doe Defendants may be or have been defendants in Plaintiff's previous suit.

The Undersigned will **RECOMMEND** that the claims raised against Defendants Davis and Urrah **PROCEED** to further development, with the exception of those discrete claims that should be dismissed as outlined herein.

With respect to the John Doe and Jane Doe Defendants, the Undersigned notes that "designation of a 'John Doe' or 'unknown' defendant is not favored in the federal courts, [but] it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery." *Robinson v. Doe*, No. 1:07-cv-729, 2009 WL 650383, at *2 (S.D. Ohio March 10, 2009) (collecting cases). It is not clear here whether the identities of these individuals are unknown to Plaintiff, or whether Plaintiff is seeking to include an entire group of people as Defendants in this action. The Undersigned will not, however, recommend the dismissal of all the John and Jane Doe Defendants at this time.[2]

Once Plaintiff discovers the name of the John or Jane Doe Defendants, he will be required to seek leave to further amend his Amended Complaint to identify them. *See generally* Fed. R. Civ. P. 15 (concerning amended and supplemental pleadings and when leave is required to amend); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (concerning the addition of new parties and the statute of limitations).

In addition, service of process on any newly-identified John Doe or Jane Doe defendant must be completed in accordance with Fed. R. Civ. P. 4(m), which states: "Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that

---

[2] The general allegations in these claims may later be subject to dismissal once individual defendants are identified. "It is well settled that a defendant cannot be held liable under 42 U.S.C. § 1983 for alleged constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct." *Williams v. Hodge*, No. 3:08-cv-387, 2009 WL 47141, at *3 (M.D. Tenn. Jan. 7, 2009) (citing *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992)).

defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Plaintiff should not delay in proceeding against these Defendants.

    c. *New Claims*

The Undersigned understood Plaintiff's original Complaint to raise "claims under 42 U.S.C. § 1983 for violations of the Free Exercise and Establishment Clauses of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment, as well as a claim under RLUIPA." (Doc. 4, PageID 63).

In the Amended Complaint, Plaintiff adds a claim for deliberate indifference and/or cruel and unusual punishment under the Eighth Amendment. (*See* Amd. Complaint, ¶¶ 33–34 ("the continual imposition of these harms on an incarcerated population violates the Eighth Amendment protection against cruel and unusual punishment where inmates have come to rely on their religion as part of their coping mechanism for the stress of incarceration.")). Plaintiff also raises a state-law claim for breach of a third-party contract. (Amd. Complaint, ¶¶ 3, 6, 12–13, and Proposed Declaration 6); *see also* Objections, Doc. 5, PageID 89 (noting that Plaintiff raised this issue in a previous action)).

The Undersigned will **RECOMMEND** that these claims **PROCEED** to further development at this time.

**V.    Summary and Recommendations on the Motion to Certify as Class Action (Doc. 7) and Amended Complaint (Doc. 8)**

The Undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion to Certify as Class Action, including his request for appointment of counsel. (Doc. 7).

Having screened the Amended Complaint as required by 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), the Undersigned now **RECOMMENDS** that the Court:

10

A. **DISMISS** all claims raised against the ODRC pursuant to 42 U.S.C. § 1983, as the ODRC is not a "person" subject to suit under that statute;

B. **DISMISS** all claims raised on behalf of other Muslim inmates, as Plaintiff lacks standing to raise claims on their behalf;

C. **DISMISS** Declarations 15-17 seeking a declaration that religious groups of which Plaintiff is not a member deserve their own policies, as Plaintiff lacks standing to raise these claims;

D. **DISMISS** all claims raised under § 1983 alleging that the ODRC policies were not followed as the violation of state policy is outside the scope of § 1983;

E. **ALLOW** the following claims to **PROCEED** at this time, and subject to further order of Court:

  1. The claim against the ODRC under RLUIPA; and

  2. The claims against Director Chambers-Smith, Defendants Davis and Urrah, and the John Doe and Jane Doe Defendants, under § 1983, RLUIPA, and state law.

     The claims under § 1983 that should proceed assert violations of:
     - the Free Exercise and Establishment Clauses of the First Amendment,
     - the Equal Protection Clause of the Fourteenth Amendment, and
     - the Cruel and Unusual Punishments Clause of the Eighth Amendment.

F. **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendations would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Although he may file Objections to this Report and Recommendations as discussed below, Plaintiff is **DIRECTED** to refrain from filing substantive motions in this case until after the Court has had the opportunity to consider and resolve both of the pending Reports and Recommendations.

The Court is in receipt of the summons forms and United States Marshal forms (USM-285) for Defendant Chambers-Smith only. (Doc. 1-3, 1-4). Plaintiff is **ORDERED** to provide the Clerk

11

with summons forms and United States Marshal forms (USM-285) for Defendants Davis and Urrah **WITHIN TWENTY-ONE DAYS** of the date of this Report and Recommendations. The forms for each John Doe or Jane Doe Defendant will be required as soon as these Defendants are formally identified.

**VI.** <u>**Notice Regarding Objections to this Report and Recommendations**</u>

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **WITHIN FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: June 14, 2023                            /s/ Kimberly A. Jolson
                                                                  KIMBERLY A. JOLSON
                                                                  UNITED STATES MAGISTRATE JUDGE