UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN A. TOLLIVER,

            Plaintiff,

     v.
                                    Case No. 2:22-cv-4567
                                    Judge Edmund A. Sargus, Jr.
                                    Magistrate Judge Kimberly A. Jolson
OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTIONS, *et al.*,

            Defendants.

## OPINION AND ORDER

This matter is before the Court on two Report and Recommendations from the Magistrate Judge, one issued on April 18, 2023 (April R&R, ECF No. 4) and the other on June 14, 2023 (June R&R, ECF No. 9). The Magistrate Judge conducted initial screens of Plaintiff Kevin A. Tolliver's complaint and amended complaint, respectively, as she must under 28 U.S.C. §§ 1915A(a), 1915(e)(2). (April R&R; June R&R.) Mr. Tolliver, a state prisoner proceeding without the assistance of counsel, objected to both R&Rs. (ECF Nos. 5, 12.) For the reasons stated below, Mr. Tolliver's Objections are **OVERRULED.** The Magistrate Judge's R&R are **ADOPTED AND AFFIRMED.**

## I.   BACKGROUND

The Magistrate Judge summarized Mr. Tolliver's litigation in this proceeding and another[1] in her April R&R. The Court reproduces the summary here for ease of reference (without inclusion of footnotes):

---

[1] The latter proceeding recently went to trial in front of the undersigned. *See Kevin Tolliver v. Warden Noble*, Case No. 2:16-cv-1020, ECF Nos. 249–52. In her April R&R, the Magistrate

Plaintiff Kevin A. Tolliver is currently incarcerated at Grafton Correctional Institution (GCI). (Complaint, PageID 40). He sues the Ohio Department of Rehabilitation and Corrections (ODRC) and/or Annette Chambers-Smith, its Director. (*Id.*) This Report and Recommendation will assume without holding that Plaintiff has named both Defendants. The Director is sued in her official capacity only. (*Id.*)

Plaintiff initially submitted the Complaint (and related papers) in *Kevin Tolliver v. Warden Noble*, Case No. 2:16-cv-1020, a separate case pending before this Court. (*See* Doc. 208 therein). The Clerk of Court later opened this case, and docketed Plaintiff's submissions in it. The two cases are proceeding separately at this time. The earlier case will be referred to as the "2016 Case" in this Report and Recommendation.

Plaintiff describes the Complaint in this action as "a direct challenge to practices and policies of the [ODRC]." (Complaint, PageID 40). As noted above, Plaintiff is proceeding under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1. He alleges violations of his "First Amendment rights under the United States Constitution in regard to freedom of religion and violations of protections against establishment of religion." (Complaint, PageID 39). More specifically, he asserts that the ODRC policies and practices are ineffective and insufficient to lead to the hiring of qualified contractors/service providers to serve the Islamic community within Ohio's prisons. (See Complaint, PageID 41–42). This leads, says Plaintiff, to the denial of certain religious services, and "constitute[s] religious persecution, denial or infringement of religious rights, and an establishment of religion in favor of both Christianity and the [WD Muhammad] style of practice, which is an ongoing harm to Plaintiff and all similarly situated mainstream adherents to the Islamic faith in Ohio prisons." (Complaint, PageID 42, ¶ 19).

Plaintiff appears to base this conclusion, at least in part, on the fact that there are "no Muslim employees anywhere in the Religious Services Departments of ODRC, qualified by advanced education in Islamic studies (M.A. or Ph.D.) or similar religious accreditations (A'lim, Mufti, or Shaykh), [and that] there is no one on staff to properly oversee hiring of contractors and/or to administer and supervise policy issues on behalf of one of ODRC's principal faith group." (Complaint, PageID 42, ¶ 18). Plaintiff has had conflicts with the contractors providing such religious services, as discussed at length in [his] 2016 Case. *See, e.g.*, *Tolliver v. Noble*, No. 2:16-cv-1020, 2022 WL 843573, at *1 (S.D. Ohio Mar. 22, 2022), *appeal dismissed sub nom. Tolliver v. Foley*, No. 22-3382, 2022 WL 2919958 (6th Cir. May 18, 2022) ("Mr. Tolliver had conflicts with Imams Abdul Rahman Shahid

---

Judge explored how the doctrine of res judicata may bar this action (Case No. 2:22-cv-4567), but she declined to make such a determination at the time.

> and Sunni Ali Islam, independent contractors providing religious services to Muslim inmates for the [ODRC]. Plaintiff adheres to a different sect of Islam than the contractors and disagreed with how the Imams provided services and interacted with Muslim inmates who disagreed with their religious views and practices.").

(April R&R, PageID 57–58.) The Magistrate Judge understood "Plaintiff's Complaint as raising claims under 42 U.S.C. § 1983 for violations of the Free Exercise and Establishment Clauses of the First Amendment and Equal Protection Clause of the Fourteenth Amendment, as well as a claim under RLUIPA." (*Id.* PageID 63.) Mr. Tolliver "appears to seek declaratory and injunctive relief only." (*Id.* PageID 61.) After concluding her initial screen, the Magistrate Judge recommended that the Court dismiss many of Mr. Tolliver's claims, but allow certain claims to proceed. (*Id.* PageID 83–84.)

Mr. Tolliver objected to the April R&R. (ECF No. 5.) In his Objections, he stated he would be seeking class certification, and he filed a Motion to Certify a Class Action under Federal Rule Civil Procedure 23 (in which he also asks the Court to appoint counsel) soon after. (ECF No. 7.)

While the April R&R and Objections thereto were pending, Mr. Tolliver filed an Amended Complaint. (ECF No. 8.) The Amended Complaint restates much of the original Complaint, but also seeks additional declarations and makes some changes. (*Id.*) The Magistrate Judge conducted an initial screen of the Amended Complaint, and in it she summarized the changes between the two complaints. (*See* June R&R, PageID 201–02.) She concluded that "the Amended Complaint affects some of the Undersigned's earlier recommendations," examined each in turn, and then modified her earlier recommendations. (*Id.* PageID 202–04.) The Magistrate Judge also addressed new matters raised in the Amended Complaint including new

3

plaintiffs, requested class certification, new defendants, and new claims. (*Id.* PageID 204–06.)

She summarized her recommendations:

> The Undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion to Certify as Class Action, including his request for appointment of counsel. (Doc. 7).

> Having screened the Amended Complaint as required by 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), the Undersigned now **RECOMMENDS** that the Court:

> A. **DISMISS** all claims raised against the ODRC pursuant to 42 U.S.C. § 1983, as the ODRC is not a "person" subject to suit under that statute;

> B. **DISMISS** all claims raised on behalf of other Muslim inmates, as Plaintiff lacks standing to raise claims on their behalf;

> C. **DISMISS** Declarations 15–17 seeking a declaration that religious groups of which Plaintiff is not a member deserve their own policies, as Plaintiff lacks standing to raise these claims;

> D. **DISMISS** all claims raised under § 1983 alleging that the ODRC policies were not followed as the violation of state policy is outside the scope of § 1983;

> E. **ALLOW** the following claims to **PROCEED** at this time, and subject to further order of Court:

> 1. The claim against the ODRC under RLUIPA; and

> 2. The claims against Director Chambers-Smith, Defendants Davis and Urrah, and the John Doe and Jane Doe Defendants, under § 1983, RLUIPA, and state law.

>    The claims under § 1983 that should proceed assert violations of:
>    - the Free Exercise and Establishment Clauses of the First Amendment,
>    - the Equal Protection Clause of the Fourteenth Amendment, and
>    - the Cruel and Unusual Punishments Clause of the Eighth Amendment.

> F. **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendations would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

(June R&R, PageID 207.) With this background, the Court turns to Mr. Tolliver's Objections. (*See* ECF No. 5, 12.)

## II.    STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.    OBJECTIONS

In his Objections to the June R&R, Mr. Tolliver explains at the start that he "maintains his prior objections to R&R document 4 with minor clarifications as stated below." (ECF No. 12.) He then incorporates his prior Objections (ECF No. 5) with slight modification into his more recent Objections (ECF No. 12, PageID 211–12). The Court considers Mr. Tolliver's various objections in turn.[2]

### A.  Section 1983 Claims Against ODRC

As for his § 1983 claims against ODRC, Mr. Tolliver states that he "believes he now understands the errors in his presentation of jurisdictional issues and hopes there is sufficient clarification in the Amended Complaint (Doc 8)." (ECF No. 12, PageID 212.) He also requests

---

[2] To the extent that Mr. Tolliver makes clarifications about what he meant and proposes alternative text, the Court has reviewed and considered such explanations and proposals. (*See, e.g.*, ECF No. 12, PageID 216 ("Plaintiff may have contextualized his Declarations in this area backwards. . . . Plaintiff apologizes to the court for his poor understanding and proposes alternate text for the declarations to resolve the Magistrate's concern.").)

that his § 1983 claims against ODRC be withdrawn as "Clerical Error" and that those claims move forward against Director Chambers-Smith and others. (*Id.*) The Magistrate Judge recommends certain § 1983 claims proceed against Director Chambers-Smith, Defendants Davis and Urrah, and the John Doe and Jane Doe Defendants. (June R&R, PageID 207.) Thus, because Mr. Tolliver seemingly withdraws his § 1983 claims against ODRC, and the MJ's reasoning dismissing them is sound, Mr. Tolliver's first objection is overruled as moot.

### B. Claims Raised on Behalf of Other Muslim Inmates

In the April R&R, the Magistrate Judge recommends dismissal of claims that Mr. Tolliver tried to raise on behalf of other Muslim inmates, reasoning that a prisoner may not bring claims on behalf of other prisoners because he lacks standing to do so. (April R&R, PageID 64–65.) In response, Mr. Tolliver filed a Motion to Certify as Class Action and in it, requested appointment of counsel. (ECF No. 7.) The Magistrate Judge then recommended that the Court deny the Motion to Certify, explaining there is no constitutional right to appointed counsel in a civil case and appointment is justified only by exceptional circumstances that do not exist here. (June R&R, PageID 199–201.) Mr. Tolliver had "presented no basis for departing from the general rule that pro se plaintiffs are inadequate class representatives." (*Id.* PageID 201.)

In his Objections, Mr. Tolliver urges that such exceptional circumstances indeed exist and that, perhaps, the Court could appoint interim or class counsel.[3] (ECF No. 12, PageID 213–

---

[3] The Court has also reviewed Mr. Tolliver's "Judicial Notice: And Filing of Additional Declarations in Support of 'Exceptional Circumstances' Necessitating Class Certification." (ECF No. 13.)

15.) He explains that he has shown hundreds of prisoner "victims" who share his concerns and have suffered similar violations of their constitutional rights. (*Id.*)

The Court has scrutinized Mr. Tolliver's objections de novo, yet accepts the Magistrate Judge's recommendations. Sixth Circuit case law is clear that indigent parties do not have a constitutional right to counsel in civil cases except in exceptional circumstances that do not exist here, and an incarcerated individual like Mr. Tolliver who lacks legal training is an inadequate class representative. (*See* June R&R, PageID 200–01 (citing *Sanders v. Macauley*, No. 22-1502, 2022 WL 16729580, at *5 (6th Cir. Aug. 10, 2022), *cert. denied,* 214 L. Ed. 2d 203 (2022).)) This objection is overruled.

### C.  Claims Raised on Behalf of Groups of Which Mr. Tolliver Is Not a Member

In the April R&R, the Magistrate Judge observed that Mr. Tolliver seeks "declaration that the ODRC's policies should be interpreted in specific ways consistent with Plaintiff's views of his and others' religions" and that "[s]ome of these assertions concern groups from which Plaintiff takes pains to separate himself." (ECF No. 4, PageID 67.) She concluded that "[t]o the extent that Plaintiff asks this Court to declare that groups in which he is not a member 'deserve' to have the ODRC write them their own policies, he lacks standing to raise these claims" and recommended dismissal of such claims. (*Id.* PageID 68.) Mr. Tolliver made analogous declarations in his Amended Complaint, and so the Magistrate Judge concluded the April R&R stood as written concerning the analogous declarations. (June R&R, PageID 203.)

Mr. Tolliver's objection to the June recommendation on this point is unclear. He suggests edits and removal of certain requested declarations in his Amended Complaint, but he still urges that "all claims perceived to be raised on 'behalf of other groups' of which plaintiff is not a

7

member should <u>not</u> be dismissed" and that "[D]efendants have separate policies for Christian groups but place all groups they consider Islamic under one policy without consideration of any religious differences." (ECF No. 12, PageID 216.)

The Court agrees with the Magistrate Judge's recommendation—Mr. Tolliver lacks standing to raise claims about absent policies for groups of which he is not a member. Mr. Tolliver's objection on this recommendation is overruled.

### D. Claims Raised Under § 1983 Alleging ODRC Policies Were Not Followed

The Magistrate Judge reasoned that alleged violations of ODRC policy do not state a claim under § 1983. (April R&R, PageID 69.) She separated Mr. Tolliver's counts alleging ODRC policies are, as written, unconstitutional, from those alleging ODRC Policies had been violated. (*Id.* PageID 68.) Section 1983 does not provide a remedy for violating state laws or regulations. (*Id.* PageID 69.)She therefore recommended that Mr. Tolliver's claim that Defendants or others violated ODRC policy should be dismissed for failure to state of claim on which relief may be granted under § 1983. (*Id.* PageID 70.) The April recommendations stood as written in the June R&R. (June R&R, PageID 203.)

Mr. Tolliver asserts that such claims should not be dismissed, but "liberally construed as attacks on unconstitutional conduct, violating RLUIPA." (ECF No. 12, PageID 217–18.) He continues: "Plaintiff's allegations and evidence supports the existence of constitutional issues because of an institutionally entrenched preference for Christianity." (*Id.* PageID 218.)

The Magistrate Judge recommended allowing Mr. Tolliver's RLUIPA claims against ODRC, Director Chambers-Smith, Defendants Davis and Urrah, and the John Doe and Jane Doe

Defendants to proceed, which seems to obviate the concerns Mr. Tolliver is discussing in this objection. Thus, his objection is overruled as moot.

### E. Claims Alleging Denial of Halal or Kosher Meals

Mr. Tolliver's last objection is that his claims alleging denial of Halal or Kosher meals should not be dismissed. (ECF No. 12, PageID 217.) He highlights exhibits and allegations that "should be sufficient to show ongoing harms to Plaintiff and his enduring attempts at resolution." (*Id.*) But in the June R&R, the Magistrate Judge found that Mr. Tolliver appears to raise an expanded equal protection claim about Halal and Kosher meals in his Amended Complaint, and recommends such claim(s) be allowed to proceed to further development. (June R&R, PageID 203–204.) So, Mr. Tolliver's objection is again overruled as moot.

## IV. CONCLUSION

Mr. Tolliver's Objections (ECF Nos. 5, 12) are **OVERRULED.** The Magistrate Judge's Report and Recommendations (ECF Nos. 4, 9) are **ADOPTED AND AFFIRMED**, specifically as summarized *supra* and on PageID 207 of ECF No. 9. Mr. Tolliver's Motion to Certify as Class Action is **DENIED.** (ECF No. 7.)

This case remains open.

**IT IS SO ORDERED.**


**2/16/2024**                                                   **s/Edmund A. Sargus, Jr.**
**DATE**                                                         **EDMUND A. SARGUS, JR.**
                                                                 **UNITED STATES DISTRICT JUDGE**