UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN A. TOLLIVER,

        **Plaintiff,**                **Case No. 2:22-cv-4567**
                                    **Judge Edmund A. Sargus, Jr.**
        **v.**                   **Magistrate Judge Kimberly A. Jolson**

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTIONS, *et al.*,

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on two Order and Report and Recommendations

("R&Rs") issued by the Magistrate Judge, the first issued on September 25, 2025 (ECF No. 56)

and the second issued on March 12, 2026 (ECF No. 77). Plaintiff Kevin A. Tolliver, who is a

prisoner proceeding *pro se*, objected to the first R&R (ECF Nos. 62, 62-1, 63, 63-1), and the

Government responded to the objection (ECF No. 65). Mr. Tolliver also objected to the second

R&R (ECF Nos. 78, 85) and the Government responded (ECF No. 79).

For the reasons below, the Court **OVERRULES** Mr. Tolliver's objections (ECF Nos. 62,

62-1, 63, 63-1, 78, 85) and **ADOPTS AND AFFIRMS** the R&Rs (ECF Nos. 56, 77).

## I.    BACKGROUND

The Magistrate Judge summarized the factual and procedural background in this

consolidated case in her R&Rs. (ECF No. 56, PageID 745–51; ECF No. 77, PageID 1609–12.)

The Court incorporates that background by reference in this Opinion and Order. Accordingly, a

brief history suffices: Mr. Tolliver is an Ohio prisoner at Grafton Correctional Institution. (ECF

No. 56, PageID 745.) This case was consolidated with an earlier, related action, *Tolliver v.*

*Noble, et al.*, Case No. 2:16-cv-01020 (S.D. Ohio) ("2016 Action"). (ECF No. 54, PageID 739–

40.) There, Mr. Tolliver sued Ohio Department of Rehabilitation and Correction ("ODRC")

employees, bringing claims under 42 U.S.C. § 1983; the Religious Land Use and

Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.*; and state law based on

alleged issues with Islamic service providers and incidents of retaliation at various Ohio prisons.

(2016 Action, ECF No. 30.) The Court dismissed most of the Defendants, except Defendants

Matthew Christler, Sean Sibalski, Abdul Rahman Shahid, and Sunni Ali Islam on the pleadings,

and granted summary judgment for Defendants Christler, Sibalski, and Islam. (*Id.* ECF Nos. 117,

172, 183.) Mr. Tolliver received a judgment at trial against Defendant Shahid. (*Id.* ECF No.

258.) Mr. Tolliver then appealed to the Sixth Circuit. (*Id.* ECF No. 261.)

The Sixth Circuit ruled on Mr. Tolliver's appeal, mostly affirming the Court's judgment,

but concluding that the Court "did not decide his RLUIPA claim and related breach-of-contract

claim." (*Id.* ECF No. 272, PageID 1847.) The Circuit remanded for the Court to consider Mr.

Tolliver's request "to have these claims consolidated with his separate, similar lawsuit." (*Id.*)

In this case, Mr. Tolliver sued Defendants ODRC; ODRC Director Annette Chambers-

Smith; Chief of Religious Services Mike Davis; Chief of Holistic Services Jennifer Urrah; and

unidentified Jane and John Doe Administrators and Islamic Services Contractors. (ECF Nos. 4,

8, 9, 14.) Mr. Tolliver states that this case is a direct challenge to ODRC practices and policies

(ECF No. 4, PageID 58; ECF No. 8), and the Court allowed him to proceed against ODRC under

RLUIPA, and against Defendants Chambers-Smith, Davis, Urrah, and the unidentified Doe

Defendants under RLUIPA, § 1983, and state contract law (ECF No. 9, PageID 207).

Defendants[1] moved for summary judgment on the claims in this case (ECF No. 43), and in response, Mr. Tolliver filed a motion under Federal Rule of Civil Procedure 56(d) for more time to obtain more discovery (ECF No. 44). Mr. Tolliver also filed a Motion to File Interrogatories *Instanter*. (ECF No. 46.)

In mid-August 2025, the Court issued an Opinion and Order after receiving the mandate from the Sixth Circuit in the 2016 Action. (ECF No. 54.) Applying Federal Rule of Civil Procedure 42(a)(2), this Court found that Mr. Tolliver's 2016 Action and this action shared common questions of law and fact as to his RLUIPA and breach of contract claims. (*Id.* PageID 738–40.) The Court ordered the 2016 Action and this action to be consolidated and directed the parties to file all future filings in this action. (*Id.* PageID 739–40.)

About a month later, the Magistrate Judge issued an Order and Report and Recommendation ("September 2025 R&R"), which, among other things, recommends granting Defendants' Motion for Summary Judgment (ECF No. 43). (ECF No. 56.) In addition, the Magistrate Judge ordered Mr. Tolliver to "file a notice **limited in scope** to whether he wishes to still pursue his 2016 RLUIPA and breach of contract claims, either in whole or in part." (*Id.* PageID 774) (emphasis in original). The Magistrate Judge also set a briefing schedule on the remanded RLUIPA and breach of contract claims, if Mr. Tolliver chose to pursue them. (*Id.* PageID 775.)

Mr. Tolliver filed objections to the September 2025 R&R (ECF Nos. 62, 62-1, 63, 63-1), and on October 27, 2025, Mr. Tolliver filed a Notice of Intent to Continue, telling the Court that

---

[1] As the Court has explained the complicated procedural posture of this consolidated case and the various named defendants, it will generally use "Defendants" throughout the remainder of the Opinion and Order to refer to defendants that remain part of the litigation after the Court's and Sixth Circuit's Opinion and Orders and consolidation.

3

he did intend to proceed with his RLUIPA and breach of contract claims (ECF No. 67).
Defendants filed another Motion for Summary Judgment on the RLUIPA and breach of contract
claims (ECF No. 69), to which there was a response (ECF No. 73) and reply (ECF No. 75). Mr.
Tolliver also filed a Motion for Summary Judgment (ECF No. 71), to which there was a response
(ECF No. 72) and reply (ECF No. 76).

The Magistrate Judge issued an Order and Report and Recommendation ("March 2026
R&R"), recommending that Defendants' Motion for Summary Judgment on the RLUIPA and
breach of contract claims be granted and Mr. Tolliver's Motion for Summary Judgment be
denied. (ECF No. 77.) The Magistrate Judge also denied Mr. Tolliver's request for leave to
amend the operative complaint. (*Id.*) Mr. Tolliver filed two objections to the March 2026 R&R,
which are discussed below. (ECF Nos. 78, 85.)

## II.    THE R&RS

When a party objects to a magistrate judge's ruling on a nondispositive motion, the
district court must "modify or set aside any part of the order that is clearly erroneous or is
contrary to law." Fed. R. Civ. P. 72(a). Likewise, 28 U.S.C. § 636(b)(1)(A) provides that "[a]
judge of the court may reconsider any pretrial matter . . . where it has been shown that the
magistrate judge's order is clearly erroneous or contrary to law." The "clearly erroneous"
standard applies to factual findings and the "contrary to law" standard applies to legal
conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (Kinneary, J.) (citations
omitted). Review under Rule 72(a) provides considerable deference to the determination of
magistrate judges, who have broad discretion to regulate nondispositive matters. *Bonasera v.
Pennsylvania Nat'l Mut. Cas. Ins. Co.*, No. 2:19-cv-3817, 2021 WL 1785618, at *1 (S.D. Ohio
May 5, 2021).

4

A litigant who is the subject of an adverse report and recommendation from a magistrate judge is entitled to de novo review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Failure to object, however, results in waiver of the right to have a district judge review an R&R de novo and operates as a waiver of the right to appeal the decision of the district court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**A.  September 2025 R&R**

In her September 2025 R&R, the Magistrate Judge denied Mr. Tolliver's Federal Rule of Civil Procedure 56(d) Motion, denied Mr. Tolliver's request for an extension to respond to Defendants' Motion for Summary Judgment, and recommends the Court grant Defendants' Motion for Summary Judgment. (ECF No. 56.) The Court examines each ruling and Mr. Tolliver's corresponding objections in turn.

*1.  Rule 56(d) Motion and Extension Request*

Federal Rule of Civil Procedure 56(d) establishes a procedure for a party to obtain additional discovery necessary to respond to a summary judgment motion. The Magistrate Judge denied Mr. Tolliver's Rule 56(d) Motion, reasoning that Mr. Tolliver had failed to pursue discovery and prepare his case diligently. (ECF No. 56, PageID 752.) She also denied as moot Mr. Tolliver's Motion to File Interrogatories *Instanter*. (*Id.* PageID 760.) She applied the factors (referred to as the *Plott* factors) that courts consider when evaluating Rule 56(d) motions:

> (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period had lasted; (4) whether the party seeking

discovery was dilatory in its discovery efforts; and (5) whether the party moving for summary judgment was responsive to discovery requests.

*Cressend v. Waugh,* No. 2:09-cv-1060, 2011 WL 883059, at *2 (S.D. Ohio Mar. 11, 2011) (Deavers, M.J.) (citation modified); *see also Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196–97 (6th Cir. 1995); (ECF No. 56, PageID 753). The third, fourth, and fifth *Plott* facts—which concern the length of the discovery period, Mr. Tolliver's diligence in pursuing discovery, and Defendants' responsiveness to discovery requests, respectively—did not weigh in Mr. Tolliver's favor, the Magistrate Judge found. (*Id.* PageID 754.) The Magistrate Judge noted Mr. Tolliver filed nothing related to discovery during the six-month period set for formal discovery and admitted that he failed to conduct discovery because he had focused on other litigation. (*Id.*) The Magistrate Judge also found Mr. Tolliver fared no better with respect to the first and second factors. (*Id.* PageID 756–60.)

The Magistrate Judge also considered Mr. Tolliver's request for an indefinite extension of time to oppose Defendants' Motion for Summary Judgment in the form of "21 days from the receipt of" the requested Rule 56(d) relief to respond. (*Id.* PageID 760.) She noted that under Federal Rule of Civil Procedure 6(b)(1), the Court may grant an extension of time for good cause shown, but Mr. Tolliver had failed to show good cause because, among other things, he "had many years to research and prepare his case, considering he's been litigating similar issues in this Court since 2016." (*Id.* PageID 761–62.) The Magistrate Judge explained this was not the only time Mr. Tolliver had sought an extension, missed a deadline, or filed other things to buy more time, and she provided many supporting examples in this case and other cases brought by Mr. Tolliver. (*Id.* PageID 762–63.)

Mr. Tolliver filed two late objections in response to the September 2025 R&R. (ECF Nos. 62, 62-1, 63, 63-1.) The Court nevertheless considers them on the merits. Mr. Tolliver's

6

first objection is titled "Plaintiff's Declaration Supporting Objection to Magistrate Judge's Report and Recommendation (Doc 56) and Objection to Defendant's Summary Judgment." ("Mr. Tolliver's Declaration," ECF Nos. 62, 62-1.) This filing does not discuss the Magistrate Judge's denial of the Rule 56(d) Motion or denial of the extension request. (*See id.*)

The second filing, titled "Plaintiff's Objection to Report and Recommendation (Doc 56)" is 41 pages with 100 pages of exhibits and does contain an objection to the Magistrate Judge's rulings on the Rule 56(d) Motion and extension request. ("Mr. Tolliver's October Objection," ECF Nos. 63, 63-1.) He states that he was not intentionally neglecting his duties to diligently pursue discovery, but is an "overburdened pro se Plaintiff." (ECF No. 63, PageID 806.) He emphasizes that his failures to pursue discovery were not because of any desire to delay or pester Defendants, but an attempt by a *pro se*, prisoner litigant to litigate important issues. (*Id.* PageID 807, PageID 812.) He also discusses lack of notice of filings and issues with the legal mailing system. (*Id.* PageID 806–07.) In certain places, Mr. Tolliver says he "accepted the court's reasoning" as to how he was dilatory in his pursuit of discovery, but in others, he states the Magistrate Judge's decision is unduly harsh. (*Id.* PageID 808.) Regardless, Mr. Tolliver ultimately states that he objects to the Magistrate Judge's decisions on discovery and the extension request. (*Id.* PageID 813.)

Mr. Tolliver points to nothing in the Magistrate Judge's orders on the Rule 56(d) Motion or extension request that was clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Rather, he makes the same arguments  that he made to the Magistrate Judge as to why he failed to diligently pursue discovery, including being busy litigating other matters and a prisoner proceeding without the assistance of counsel. (ECF No. 63, PageID 806–08.) The Magistrate

7

Judge rejected Mr. Tolliver's reasons—appropriately exercised her discretion denying these nondispositive matters—and made no findings that were in clear error or contrary to the law.

Mr. Tolliver's objection to the Magistrate Judge's denial of his Rule 56(d) motion and request for an extension is **OVERRULED**.

2. *Defendants' Motion for Summary Judgment*

As for Defendants' Motion for Summary Judgment, the Magistrate Judge found that Mr. Tolliver's 2022 claims are unexhausted or are barred by res judicata and thus, recommends that Defendants are entitled to summary judgment on those claims. (ECF No. 56, PageID 764.)

As to exhaustion, the Magistrate Judge explained that under the Prisoner Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e, *et seq.*, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." (ECF No. 56, PageID 765 (citing *Lamb v. Kendrick*, 52 F.4th 286, 292 (6th Cir. 2022) (quoting 42 U.S.C. § 1997e(a)).) To comply with this requirement, a prisoner must comply with the applicable procedural rules at his correctional institution. *Lamb*, 52 F.4th at 292 (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)). The Magistrate Judge then summarized ODRC's policies that apply to inmate complaints about institutional life, including conditions of confinement (ECF No. 56, PageID 765–66 (citing Ohio Admin. Code 5120-9-31(K) (effective from May 1, 2008, to April 4, 2019))) and religious accommodations (*id.* PageID 767 (citing ODRC policy 72-REG-02)). She noted that "under the PLRA, a prisoner must exhaust the applicable process before filing suit in federal court." (*Id.* PageID 768 (citation omitted).)

The Magistrate Judge found Mr. Tolliver had not done so for the claims at issue in the lawsuit. (*Id.* PageID 769.) Mr. Tolliver filed nine grievances related to religious issues and

8

exhausted only five of the nine. (*Id.*) Four of the five, when generously construed, could be related to Mr. Tolliver's RLUIPA and First Amendment claims, Eighth Amendment claim, or breach of contract claim. (*Id.* PageID 769–71.) One grievance—exhausted in 2020 related to interrupted Jummah services—was not similar enough to Mr. Tolliver's claims. (*Id.* PageID 770.)

All exhausted grievances that concerned matters raised in this lawsuit should have been brought in the 2016 Action because Mr. Tolliver amended his complaint in that Action on December 3, 2018, and each grievance was fully exhausted before December 2018. (*Id.* PageID 773.) Each exhausted grievance that concerned matters raised in this lawsuit was barred by res judicata. (*Id.*)

The Magistrate Judge summarized her conclusions as follows:

> In sum, there is no evidence in the record that Plaintiff properly exhausted his Equal Protection claim. And even to the extent that the Court could generously construe his exhausted grievances as relating to his RLUIPA, First Amendment, Eighth Amendment, or Breach of Contract claims, those claims are all barred by the doctrine of res judicata. Because Plaintiff has not raised a genuine issue of material fact as to either proposition, the Undersigned **RECOMMENDS** Defendants be **GRANTED** summary judgment on all of Plaintiff's 2022 Action claims.

(*Id.* PageID 773–74.)

### a. Mr. Tolliver's Declaration

In Mr. Tolliver's Declaration, he states that he has exhausted his administrative remedies, arguing the "defense has provided only electronically filed grievances and represented that it is a complete record of relevant grievance history," but it is not. (ECF No. 62-1, ¶ 3.) He says he has submitted more than a dozen other grievances and provides a list of what appears to be grievance numbers. (*Id.* ¶ 4.) None is attached to Mr. Tolliver's Declaration, although some appear to be attached to Mr. Tolliver's October Objection. (ECF No. 63-1.) He states the defense has

9

interfered with his ability to bring forth issues for full and fair resolution. (*Id.* ¶ 5.) Mr. Tolliver makes a similar argument with respect to res judicata, arguing it "should not apply to any issue of these joined cases because of defense interference to prevent my raising of those claims." (*Id.* ¶ 7.)

The Court has reviewed de novo the relevant portions of the September 2025 R&R and none of Mr. Tolliver's arguments changes the Magistrate Judge's conclusions. First, it is unclear what other grievances Mr. Tolliver is arguing constitute the "complete record of relevant grievance history." (*See* ECF No. 61-2, ¶ 3.) Mr. Tolliver did not attach them to the Declaration and to the extent they are attached to his October Objection, he does not explain which grievance is regarding which claim in the 100 pages of exhibits. It is not the Court's responsibility to sift through the record to connect the dots. *See InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989) ("A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim."); *Gregg v. SBC/Ameritech*, No. 2:02-CV-1232, 2005 WL 1514114, at *21 (S.D. Ohio June 24, 2005) (Frost, J.) (relying on *InterRoyal*).

Presumably, the Magistrate Judge considered these other grievances but if she did not, such documents should have been presented to the Magistrate Judge in the first instance. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]."); *Austin v. Stapleton*, 628 F. Supp. 3d 702, 706 (E.D. Mich. 2022) ("Parties may not raise at the

10

district court stage new arguments or issues that were not presented before the magistrate judge's final R&R.") (internal quotations and citations omitted); *Austin v. Stapleton*, 628 F. Supp. 3d 702, 707 (E.D. Mich. 2022) (objector to an R&R cannot present new evidence that was not before the magistrate judge).

In any case, the Magistrate Judge seems to have anticipated Mr. Tolliver's position, and the Court agrees with her analysis, that follows:

> Plaintiff may submit that other attempts to administratively exhaust his claims should be considered. But problems abound. For instance, Plaintiff's Amended Complaint alleges he exhausted his administrative remedies for "relevant grievances" with Annette Chambers-Smith on March 29, 2023; with Mike Davis on March 21, 2023; with Jennifer Urrah on March 16, 2023, and via a religious diet accommodation request on May 4, 2023. (Doc. 8 at ¶ 14; *see, e.g.*, Doc. 43-2 at 3–5; Doc. 43-3 at 100–103). But because each of these were purportedly filed after Plaintiff initiated this case, the Court should not consider any claims at issue in those grievances exhausted for the purposes of this lawsuit. [*Hopkins v. Ohio Dep't of Corr.*, 84 F. App'x 526, 527 (6th Cir. 2003)]; [*Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999)]. Plaintiff may also submit that the religious accommodation requests for kosher or halal meals in 2014, 2015, or 2016 constitute exhaustion for his 2022 meal-related claim. (*See* Doc. 43-2 at 6–15). But, as discussed in more detail below, res judicata bars consideration of those here.

(ECF No. 56, PageID 770.) The objections about the complete grievance record by Mr. Tolliver are overruled.

As for Mr. Tolliver's arguments that Defendants interfered with his ability to bring forth issues and claims, he fails to develop his arguments or support his theory with any evidence. Consequently, the Court need not address these arguments. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

11

The remainder of the objections in Mr. Tolliver's Declaration go to the merits of his case, but the Magistrate Judge did not get to the merits because she concluded his claims were either unexhausted or barred by res judicata. (ECF No. 56, PageID 773–74.) No further merits examination is necessary given those findings, and so the Court does not examine Mr. Tolliver's merit objections. (ECF No. 62-1, ¶¶ 16–40.)

   b.   *Mr. Tolliver's October Objection*

In his October Objection, Mr. Tolliver explains his objection "is based on the merit of Plaintiff's claim and that an actual controversy exist[s]." (ECF No. 63, PageID 813.) For the same reasons as above, the Court need not address the merits of Mr. Tolliver's claims. To even get to the merits, Mr. Tolliver must successfully challenge the Magistrate Judge's conclusion on administrative exhaustion and res judicata.

Mr. Tolliver does spend time in his October Objection, though, discussing administrative exhaustion and res judicata. (*Id.* PageID 817–22; 826–27.) The arguments that he makes that are distinct from those in his Declaration include that his complaints are "not new" and that he has "constantly complained . . . to the Defendants in various forms since at least 2009 through 2016 when the first suit *Tolliver I* was filed and most recently . . . on 6/5/23." (*Id.* PageID 818.) He argues Defendants have had "ample notice and opportunity to resolve the ongoing harms linked to the first suit." (*Id.* PageID 819.)

The PLRA bars actions by prisoners until administrative remedies have been exhausted. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Sepulveda v. Cnty. of Wayne*, No. 19-11407, 2019 WL 5538120, at *3 (E.D. Mich. Oct. 25,

12

2019) (applying 42 U.S.C. § 1997e(a)). The exhaustion requirement serves multiple purposes, including providing notice and an opportunity to cure. *Lamb*, 52 F.4th at 292. Additionally, the requirement helps to "reduce the quantity and improve the quality of prisoner suits that were flooding federal district courts nationwide and to reduce the need for federal courts to intervene in prison management." *Id.*

Mr. Tolliver argues that Defendants will not change their position unless compelled to do so by a court order. (ECF No. 63, PageID 820.) Essentially, he is arguing that exhaustion is futile. But as Defendants highlight in their response to his October Objection (ECF No. 65, PageID 955), the Supreme Court has stated it will not "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001); *see also Jones v. Douglas*, 108 F. App'x 254, 256 (6th Cir. 2004) (quoting *Booth*); *United States v. Jackson*, No. 3:19-CR-0040, 2020 WL 2494475, at *2 (S.D. Ohio May 14, 2020) (Rose, J.) (same). Mr. Tolliver's arguments as to exhaustion do not persuade.

As to res judicata, Mr. Tolliver argues that a res judicata bar of his claims "is unfathomable and an injustice" and there is a "genuine controversy." (ECF No. 63, PageID 827.) The Court has analyzed the Magistrate Judge's application of the res judicata doctrine to the claims here de novo and finds it sound. Mr. Tolliver's res judicata objection is overruled.

For the reasons above, the Court **OVERRULES** Mr. Tolliver's objections to the September 2025 R&R (ECF Nos. 62, 62-1, 63, 63-1), **ADOPTS AND AFFIRMS** the September 2025 R&R (ECF No. 56), and **GRANTS** Defendants summary judgment on Mr. Tolliver's 2022 Action claims (ECF No. 43). The Court addresses the RLUIPA and breach of contract claims from the consolidated 2016 Action next.

13

**B. March 2026 R&R**

In the March 2026 R&R, the Magistrate Judge found that the thrust of Mr. Tolliver's breach of contract claim was that while Plaintiff was incarcerated at Madison Correctional Institute and Pickaway Correctional Institute, Islamic religious contractors did not properly conduct Jumah prayer services every Friday. (ECF No. 77, PageID 1615.) When they did, the contractors "did not conform to the minimum necessary standards to be considered a religiously valid Jumah service." (*Id.* (citing 2016 Action, ECF No. 30, ¶¶ 16–31).) The Magistrate Judge recommends that the claim fails for a few reasons including Mr. Tolliver did not offer a contract(s) for the Court to evaluate, he failed to provide any other evidence that any religious services contract was intended to benefit him directly (let alone demonstrate a clear manifestation of such intent), and he has not raised a genuine issue of material fact as to breach. (*Id.* PageID 1617, 1621.)

As for Mr. Tolliver's RLUIPA claims, the Magistrate Judge recommends granting summary judgment to Defendants on Plaintiff's RLUIPA claims against them in their individual capacities and to the extent Mr. Tolliver seeks monetary damages. (*Id.* PageID 1624.) The Magistrate Judge also found that while prospective injunctive relief against state officials in their official capacities is available, Mr. Tolliver's claims were mostly retrospective. (*Id.* PageID 1625–27.) Put another way, Mr. Tolliver focused on past actions that had occurred at previous institutions, rendering them moot given his transfer to a new institution. (*Id.*)

The Magistrate Judge also found Mr. Tolliver failed to demonstrate a substantial burden on his religious exercise at Grafton Correctional Institution (his current institution). (*Id.* PageID 1627–31.) Evidence demonstrated that regular services were conducted, and Mr. Tolliver's vague allegations about improper services did not establish a substantial burden. (*Id.*) The

14

Magistrate Judge explained, even if there were a substantial burden, Defendants met the strict scrutiny standard because they demonstrated a compelling interest in maintaining generalist religion policies given both security concerns and Defendants' limited resources. (*Id.* PageID 1631–38.) Defendants had demonstrated their policies were the least restrictive means for furthering their compelling interests. (*Id.*)

As explained in the Court's recent Order (ECF No. 86), Mr. Tolliver makes no arguments in his objections to the March 2026 R&R about the merits of the R&R. Rather, he argues that the March 2026 R&R was not properly served on him (ECF No. 78, PageID 1641); he does not have the resources to manage this case and his criminal appeals and so must voluntarily dismiss this case (*id.*); he has faced impediments in prison to litigating his case (ECF No. 85, PageID 1712); he has been unable to find pro bono counsel (*id.*); and again, he voluntarily dismisses his action because he does not have the time and resources to continue (*id.* PageID 1713). The Court struck Mr. Tolliver's stipulation of voluntary dismissal in its July 13, 2026 Order as improperly filed. (ECF No. 86.)

Since he makes no substantiative objections to the March 2026 R&R, he has waived his right to district judge de novo review of the R&R. *See Thomas*, 474 U.S. at 150. The Court has nevertheless reviewed the Magistrate Judge's thorough March 2026 R&R and **ADOPTS AND AFFIRMS** it in full. (ECF No. 77.)

The Court notes that when the Magistrate Judge issued the March 2026 R&R, she observed that "the question of whether an individual may sue a government official in his individual capacity for damages for a violation of RLUIPA is currently before the Supreme Court of the United States." (*Id.* PageID 1624 (citing *Landor v. Louisiana Dep't of Corr. & Pub. Safety*, 145 S. Ct. 2814 (2025) (granting petition for writ of certiorari).) The Magistrate Judge

15

reasoned because the Sixth Circuit's then-current answer to that question was no and this Court is precedent-bound, summary judgment should be granted to Defendants on Mr. Tolliver's RLUIPA claims against them in their individual capacities and to the extent Mr. Tolliver seeks monetary damages. (*Id.* PageID 1624.) In the same vein, the Magistrate Judge recommends that Mr. Tolliver's summary judgment requests for the same should be denied. (*Id.*)

*Landor* has since been decided and does not change the outcome of the Magistrate Judge's recommendation because the Supreme Court affirmed the Fifth Circuit holding that RLUIPA does not permit suits against officers in their individual capacities. *Landor v. Louisiana Dep't of Corr. & Pub. Safety*, 146 S. Ct. 1931, 1939–42 (2026).

### III.    CONCLUSION

To sum, the Court **OVERRULES** Plaintiff Kevin A. Tolliver's Objections (ECF Nos. 62, 62-1, 63, 63-1) to the Order and Report and Recommendation (ECF No. 56) issued by the Magistrate Judge on September 25, 2025 and **ADOPTS AND AFFIRMS** that Order and Report and Recommendation (ECF No. 56). The Defendants' Motion for Summary Judgment (ECF No. 43) is **GRANTED**. Mr. Tolliver's Equal Protection claim only, which was unexhausted, is dismissed without prejudice. *Rinard v. Luoma*, 440 F.3d 361, 362 (6th Cir. 2006) (unexhausted claims are dismissed without prejudice).

The Court **OVERRULES** Plaintiff Kevin A. Tolliver's Objections (ECF Nos. 78, 85) to the Order and Report and Recommendation (ECF No. 77) issued by the Magistrate Judge on March 12, 2026, and **ADOPTS AND AFFIRMS** the Magistrate Judge's Order and Report and Recommendation (ECF No. 77). The Defendants' Motion for Summary Judgment (ECF No. 69) is **GRANTED** and Plaintiff Kevin A. Tolliver's Amended Motion for Summary Judgment (ECF No. 71-1) is **DENIED**.

The Clerk is **DIRECTED** to vacate the Amended Order Setting Trial Date and Settlement Conference (ECF No. 68), enter judgment, and terminate this case from the Court's docket. The Clerk can also take down the gavels on ECF Nos. 44 and 46.

    **IT IS SO ORDERED.**


**7/27/2026**                                         **s/Edmund A. Sargus, Jr.**
**DATE**                                                **EDMUND A. SARGUS, JR.**
                                                  **UNITED STATES DISTRICT JUDGE**

17